UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF GEORGIA

JAZZMON EDMUNDSON,
    Plaintiff

Civil Action Number:

The **City of Atlanta as a municipality** bound by & through Chief  George Tuner in both individual and ; official capacity; Chief Erika Shields in her official capacity and personal capacity;  Officer Locke in his official Atlanta Police capacity and personal capacity; Demetrius Jones in both individual and official capacity, Sgt Robert Daniels in both individual and official capacity as an Atlanta Police Officer, Sgt Andrew Cerul in his individual and official capacity as an Atlanta Police Officer, and; Sgt. Luis Medina in his individual and official capacity as an Atlanta Police Officer & JOHN DOE(s) to be named
    Defendant(s)

## JAZZMON EDMUNDSON'S COMPLAINT FOR DAMAGES:

## DEFAMATION, LIBEL, SLANDER, FEDERAL DUE PROCESS VIOLATIONS

COMES NOW Jazzmon Edmundson by and through his attorney of record, Kamau K. Mason, Esq. in the above-styled action and hereby files this Complaint and the Plaintiff intends to show the following:

## JURISDICTION AND VENUE

1

This Honorable Court has jurisdiction over the subject matter and the named parties herein, and Plaintiffs' Complaint set out below alleges violations of basic rights guaranteed them

via the United State Constitution, including but not limited to the Eighth Amendment's guarantee against cruel and unusual punishment as Ms. Edmundson was punished by the policing agency, forced to relinquish her rights as an officer without cause or a hearing, and later fired after being accused of theft in an unrelated incident while the matter had neither been adjudicated nor a guilty verdict rendered, and the Fourteenth Amendments (which references violations amounting to the same aforementioned) thereto, similar and basic rights guaranteed them by State of the Georgia Constitution, and violations of established laws of the United States including but not limited to as the acts of Defendants were in violation of Plaintiffs' basic Constitutional rights arising out of *ultra vires* acts; this action is brought under 42 U.S.C.A & 1983, et seq.

2

Defendants while acting in their capacities as officers and officials of the city of Atlanta and Atlanta Police Department created vicarious liability because they also violated various Georgia constitutional guarantees including but not limited to Articles I & II; Article I & II IX as well as statutory laws attendant to their [malicious] wrongful treatment of Plaintiff for which they must be held liable. These laws are codified in O.C.G.A. and include damages for intentional infliction of severe emotional distress towards the Plaintiff, negligent hiring, negligent retention, and defamation. Defendants also violated Georgia laws pertaining to due process rights violations based upon Jazmon Edmundson being denied a fair hearing and/ or fair and impartial investigation before being stripped of her status as an arresting officer.

3

Jurisdiction is also granted to this Honorable Court pursuant of 42 U.S.C.A & 1983, because all acts and omissions of Defendants complained of by Plaintiffs were committed by each Defendant while acting in their capacity as employees of a political subdivision of the State

of Georgia (i.e. Defendant City of Atlanta and Atlanta Police Department) and therefore were under color of Georgia state law.

Parties

4

The City of Atlanta and Its Police Agency (Atlanta Police Department) is a political subdivision of the Georgia State Government, which governs Fulton County, The City of Atlanta and Atlanta Police under authority granted it by the Georgia Constitution, Articles VIII, & 5 et seq. and O.C.G.A., section 20-2-50 et seq. It has the duty to comply with all constitutional and statutory laws (state and federal) laws applicable to fair and equitable treatment under Georgia's Constitution, Due Process under Georgia's Constitution and all Constitutional Rights provided fro and maintained by the United States Constitution as interpreted under Georgia Law.   It also is either the present or former employer of all individually named Defendants.  Defendant may be served with a summons and a copy of this Complaint by effecting legal service upon the City of Atlanta and its Mayor Kaseem Reed and its Chair Ceaser Mitchell.

5

Mayor Kaseem Reed  is Mayor of Atlanta and Executive Officer, with power to enter into binding contracts on behalf of the City of Atlanta, and can be served with the complaint in his official capacity as Mayor alongside the city Manager at Atlanta City Hall.

6

Chief  George Tuner, and Chief Erika Shields, at all times and places pertinent hereto, Chief of Police of Atlanta Police Department. When they are served become subject to the jurisdiction of this court.

7

Officer Demetrius Jones, at all times and places pertinent hereto, Police Officer of Atlanta Police Department. When he is served he becomes subject to the jurisdiction of this court.

8

Sgt Robert Daniels, at all times and places pertinent hereto, Police Officer of Atlanta Police Department. When he is served he becomes subject to the jurisdiction of this court.

9

Sgt Andrew Cerul at all times and places pertinent hereto, Police Officer of Atlanta Police Department. When he is served he becomes subject to the jurisdiction of this court.

10

Sgt. Luis Medina at all times and places pertinent hereto, Police Officer of Atlanta Police Department. When he is served he becomes subject to the jurisdiction of this court.

11

Defendants John and Jane Does are not at this time identified, however as soon as the Plaintiffs learn their identity, the Plaintiff will amend their complaint and add he/she or them as Defendant/Defendants. The Plaintiff reserves the right to amend said complaint relating to individual defendants and noted causes of action both foreseen and as they are revealed through discovery.

## PROCEDURAL REQUIREMENTS

12

Pursuant to O.C.G.A. & 36-11-1, Plaintiffs though counsel, timely served an *Ante Litem* Notice prior to the sixth month running of the statute upon the City of Atlanta; sent by certified mail, return receipt requested (See Exhibit A).

## I.  FACTS

A. Officer Demetrius Jones arrived at the zone 3 precinct at the end of his shift on the morning of December 21st 2015;

B. Officer Jones got out of the patrol car, allegedly leaving his wallet in the car;

C. Officer Edmundson approached the car;

D. Officer Edmundson left the car after taking an inventory of the car (not finding a wallet in the car);

E. Officer Edmundson received a call over the walkie talkie from Officer Jones;

F. Officer Jones asked Officer Edmundson if she had seen the (missing) wallet (noting to her that it had some change in it);

G. Officer Edmundson noted that she had not seen a wallet;

H. The two agreed that Officer Jones would attempt to meet with Officer Edmundson to search the vehicle again;

I. While on duty, Officer Edmundson was contacted by Officer Jones but she missed the call;

J. Officer Edmundson called back and Lt. Kevin Iosty requested that she return to the Precinct;

K. The missing wallet was reportedly found by the steps leading into the building at the rear;

5 J. Edmundson v Mayor Kaseem Reed et al.   Law Offices of Kamau K. Mason & Associates

L. The wallet was (reportedly) missing 700.00;

M. Officer D. Jones (reportedly) placed the wallet at the foot of the steps so that the ID Unit could take a picture of (what appeared to be) evidence for their records;

N. Officer Edmundson (solely) was questioned and searched as it relates to the missing money;

O. Officer Edmundson was approached while leaving Fulton County Court by Sgt Daniels , Sgt Cerul, and Ofc. Locke and relieved of her duty weapon and Taser in plain sight of the public on December 22nd 2015;

P. Officer Edmundson was accused of theft upon her return to the precinct;

Q. Officer Edmundson (solely) was relieved of duty prior to a full investigation being launched into the matter without having been:

    a. Placed under physical arrest;

    b. Formally indicted by a Grand Jury;

    c. Having formally been proven to have displayed a gross disregard for the authority of the rules of the Department;

    d. Exhibited behavior(s) indicative of apparent psychological or emotional impairment; or

    e. Ordered to submit to a Substance Abuse Analysis Test [all guidelines pursuant to Atlanta Police Department Policy Manual APD SOP. 2020 Disciplinary Process / Relief from Duty 4.10.20 (See Exhibit B);

R. Officer Edmundson was qualified as guilty by her superior officers, Sgt. Luis Medina (The Primary Investigator)  and suspended without a hearing and without the opportunity to defend herself and her reputation in the matter;

S. The incident has been leaked to the news and Officer Edmundson's reputation have been damaged within the department;

T. Officer Jones (the alleged victim) reportedly told a managing officer that the money was a product of his selling a weapon;

U. Local News reported that the missing money was connected to Officer Jones_ working additional jobs for other officers which is subject to scrutiny because he was not a vetern at the time of the incident;

V. Officer Jazzmon Edmundson was demoted and ostracized by Atlanta Police based upon the allegation of theft; and

W. The [case] was reportedly forwarded to the Special Prosecutor in lieu of possible prosecution based upon the internal affairs investigation, which stands in direct violation to Garrity v New Jersey 385 U.S. 493 (1967).

X. Officer Edmundson was eventually the victim of a speedy termination for a separate incident after a disciplinary meeting with Chief Turner where she requested the opportunity to keep her position until the second matter was adjudicated;  and

Y. Officer Edmundson was terminated at the request of Chief Turner (who had knowledge of the [wallet] allegation)  for ALLEGED violation;

Z. She requested a Civil Service Board hearing with city government and has not been granted a hearing to contest the firing to date despite requesting mediation [which the city qualified as a single phone call to report the request to mediate] and a hearing. (See Exhibit C).

13

To date, there has been no physical evidence presented to justify the treatment. There has been no proof presented that the alleged victim (actually) had 700.00 that was taken from his wallet. There has only been the presumption of guilt delivered by her managers and department authority figures, the lack of true due process procedure to determine guilt or innocence prior to her suspension and the embarrassment connected with her good name being tarnished within the department. Additionally, the department has chosen to promote one of the officers who accused and investigated Officer Edmundson while her career has been derailed.

14

In United States law, federal-question jurisdiction is the subject-matter jurisdiction of United States federal courts to hear a civil case because the plaintiff has alleged a violation of the United States Constitution, federal law, or a treaty to which the United States is a party. The Fourteenth Amendment's Due Process Clause applies to state and local governments ("nor shall any State deprive any person of life, liberty, or property, without due process of law"). This post deals with procedural due process which focuses on fair and timely procedures.

CLAIM I:  1983 CLAIM & VIOLATION OF PROCEDURAL DUE PROCCESS RIGHTS AND THE SUBSEQUENT DEPRIVATION OF OFFICER EDMUNDSON'S RIGHTS AS SHE WAS DEMOTED FROM PATROL OFFICER AND REMOVED FROM ACCTIVE DUTY WITHOUT HAVING A FAIR AND IMPARTIAL HEARING OR INVESTIGATION.

A. Officer Jazzmon Edmundson was a veteran Atlanta Police Officer at the time of the accusation alleging that she stole money from a patrol car and [another officer]; having served as an officer well beyond her probationary period.

B. After being accused of stealing money from a wallet, Officer was removed from Active Duty Status (even prior to an Internal Affairs Investigation); the aforementioned Desk Duty requiring her to work within an office environment and depriving her of:

i. Her ability to carry a weapon as a sworn peace officer;

ii. Her ability to protect herself as an individual and as a sworn peace officer;

iii. Her ability to carry a weapon (on the grounds or within her automobile) of Atlanta Police Department facilities, which negatively impacted her ability to protect herself outside the confines of the work environment;

iv. Her ability to secure [other] rights, privileges, jobs and outside work traditionally afforded other officers, thereby hindering her ability to work effectively, her rights to life, liberty and the pursuit of happiness as prescribed by the constitution.

v. Finally, based upon the interviews with Internal Affairs, the [case] was forwarded to the Special Prosecutor for possible prosecution as a criminal matter, which directly violates Garrity v New Jersey 385 U.S. 493 (1967).

vi. She was eventually the victim of a speedy termination at the bequest of Chief George Turner for a separate ALLEGED shoplifting incident [prior to the second matter being adjudicated] whereby she requested a due process hearing (Civil Service Appeal) with city government and has not been granted a speedy hearing to contest the firing to date; thereby creating yet another instance of a violation of her procedural due process rights under the United States Constitution. (See Exhibit C).

15

Such detrimental treatment in lieu of an accusation and a rendered punishment that detrimentally affected Officer Edmundson's rights as an officer and citizen qualifies as wrongful prosecution and a violation of her procedural dues process rights as there has been no investigation proffering either proof of innocence or guilt before, during or after Officer Edmundson's removal from active duty status as an officer. Additionally, Officer Edmundson was not offered a formal hearing to have her demotion heard or the opportunity to defend herself or present evidence to contradict the [department's] assumption that she unlawfully took money from another officer or breached Atlanta Police Policies by being untruthful; essentially transforming and administrative process into a prosecutorial process where she was denied the right to counsel and an effective defense prior to the demotion in status. Finally, the requirements for removing an officer from active duty had not been fulfilled as Officer Edmundson had not under any circumstances been:

    a.  Placed under physical arrest;

    b.  Formally indicted by a Grand Jury;

    c.  formally been proven to have displayed a gross disregard for the authority of the rules of the Department;

    d.  Exhibited behavior(s) indicative of apparent psychological or emotional impairment; or

    e.  Ordered to submit to a Substance Abuse Analysis Test [all guidelines pursuant to Atlanta Police Department Policy Manual APD SOP. 2020 Disciplinary Process / Relief from Duty 4.10.20 (See Exhibit B);

CLAIM II:  DEFAMATON OF CHARACTER, LIBEL AND SLANDER AS STATEMENTS MADE BY OFFICER DEMETRIUS JONES IN HIS CAPACITY AS AN ATLANTA POLICE OFFICER AND ATLANTA POLICE HIERARCHY INDIVIDUALLY & WITHIN THEIR CAPACITIES AS CHIEF OF POLICE AND OTHER ATLANTA OFFICERS WHO MALICIOUSLY AND NEGLIGENTLY COMMUNICATED FALSE INFORMATION ABOUT THE ACTS & CHARACTER OF JAZZMON EDMUNDSON; SUBSEQUENTLY CAUSING THE  DEPRIVATION OF OFFICER EDMUNDSON'S POSITION AS AN OFFICER, HER REPUTATION & HER FINANCIAL WELL BEING.

A. Officer Edmundson was an officer in good standing and held in high regard within Atlanta Police Department and a private citizen (not qualifying as a public figure);

B. Officer Edmundson was accused of stealing money from a wallet that was (allegedly) left within a vehicle unattended;

C. Officer Edmundson's allegations were spread amongst her peers orally within the department as the investigation was not kept confidential in nature;

D. The investigation was made known to local television news agencies and despite not broadcasting her name, Atlanta Police Officers throughout the department knew upon seeing the television news cast that the allegations referenced (her);

E. Officer Edmundson's fiancé was contacted and asked about the alleged theft of the money in the wallet by Atlanta Police Officers who worked in different [zones] and precincts after they [heard] of the matter, many of whom communicated their belief of her guilt;

F. Since the start of the investigation, there has been no formative showing of guilt and agency insiders were (aware) of the lack of veracity and truthfulness of her accuser even

in his capacity as an officer <u>thereby qualifying the communications and actions of the department as malicious;</u>

G. The allegations have been forwarded to the Personal Integrity Unit of the District Attorney's Office of Fulton County despite there being no formative proof of a crime being committed;

H. Department officials still insisted upon communicating her guilt; and

I. Officer Edmundson's reputation has been permanently negatively impacted by the allegations and communications of those allegations by the Department.

J. Officer Edmundson will (likely) not be able to secure further positions in Law Enforcement, Military and other employment positions based upon the allegations and her subsequent dismissal as an officer based upon what would be reported to Georgia P.O.S.T. as a violation of her mandates as an officer.

<u>CLAIM III:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.</u>

16

Demetrius Jones, while acting in his capacity as an officer, acted in a manner that was egregious and outrageous when he lied to Atlanta Police Officers and Officials when he accused Officer Jazzmon Edmundson of taking money from a lost wallet thereby causing;

A. The spread of misinformation that caused Officer Edmundson's reputation to be harmed within the department;

B. Her subsequent demotion to a desk positon with no rights to affect an arrest, carry a weapon, or protect herself;

C. The investigation by internal affairs and the presentation of the case to the Integrity Unit of the Fulton County District Attorney's Office;

D. Her eventual speedy termination for a separate incident and violation; and

E. Feelings of emotional distress relating to her harmed reputation, loss of career and the change in family and economic status accompanying her job loss.

## CLAIM IV:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

17

Named Atlanta Police Department Investigators and Officials, while acting in their capacity as officers, acted in a manner that was egregious and outrageous when they endorsed the officer who lied to Atlanta Police Officers and Officials when he accused Officer Jazzmon Edmundson of taking money from a lost wallet [despite his having a reputation for dishonesty] thereby causing;

F. The malicious spread of misinformation that caused Officer Edmundson's reputation to be harmed within the department;

G. Her subsequent demotion to a desk positon with no rights to affect an arrest, carry a weapon, or protect herself;

H. The investigation by internal affairs and the presentation of the case to the Integrity Unit of the Fulton County District Attorney's Office;

I. Her eventual speedy termination for a separate incident and violation; and

J. Feelings of emotional distress relating to her harmed reputation, loss of career and the change in family and economic status accompanying her job loss.

18

Because of Defendants' actions have caused severe emotional harm and distress, Plaintiffs are entitled to recover for their damages.

COUNTS VIII NEGLIGENT HIRING & RETENTION &

RESPONDEAT SUPERIOR LIABILIY

19

Named Defendants while acting in their capacities as officers and officials of the city of Atlanta and Atlanta Police Department created vicarious liability because they also violated various Georgia constitutional guarantees including but not limited to Articles I & II; Article I & II IX as well as statutory laws attendant to their [malicious] wrongful treatment of Plaintiff for which they must be held liable because despite having a reputation for dishonesty within the department, Demetrius Jones allegations towards Jazzmon Edmundson were taken seriously, heeded by investigators and managers, communicated to department officials and the public and Officer Edmundson was detrimentally affected.

20

Named Defendants while acting in their capacities as officers and officials of the city of Atlanta and Atlanta Police Department acting in concert, and as set forth herein undertook malicious, intentional, and willful acts to hire and retain Demetrius Jones who they knew or should have known was being dishonest based upon his reputation within the department and it was foreseeable that he was being untruthful based upon common sense indicators.

PRYER FOR RELIEF

WHEREFORE, Plaintiffs request:

a. That this Court exercise jurisdiction over plaintiffs' claims;

b. That plaintiff be allowed a jury trial on all cause of action contained herein;

c. That judgment be entered in favor of Plaintiffs and against all Defendants jointly and severally (both within their individual capacities and their capacities as Atlanta Police Officers) for all damages Plaintiffs have incurred in the amount of seven million dollars ($7,000,000.00) reflective of noted direct liability and vicarious liability theories to include past lost wages in her capacity as an Atlanta Police Officer and as an officer capable of working additional [jobs], compensatory damages and punitive damages to deter the defendants from committing the acts again, future damages related to the inability to serve as a sworn peace officer and work additional [jobs] as a sworn peace officer;

d. That Plaintiffs recover all attorneys' fees and litigation expenses and costs associated with this action;

e. That this Court grant such other relief as many be just, equitable, and appropriate; and

f. That Plaintiff's Counsel be allowed to amend [said] complaint as it relates to Federal Law, Georgia Statutes; matters at Law and introduce Parties to Litigation as parties emerge through discovery.

Respectfully Submitted This 15th , day of December 2016.

ss//Kamau K. Mason
KAMAU K. MASON, Bar # 823438
*Lead Attorney for Plaintiff(s)*

The Law Offices of KAMAU K. MASON & ASSOCIATES
434 Flat Shoals Avenue, SE Suite 7
Atlanta, GA 30316-1915
678.464.4618 phone
678.526.5310 fax
email: kkmason@yahoo.com

/ss/ C. Victor Long
C. VICTOR LONG Bar # 456950
Co-Cousel for Plaintiff(s)

Clarence Victor Long
PO Box 310928
4995 Erin Road

15 J. Edmundson v Mayor Kaseem Reed et al.   Law Offices of Kamau K. Mason & Associates

Atlanta, GA 30331
404.344.7887
attjud@bellsouth.net

## CERTIFICATE OF SERVICE

I, Kamau K. Mason, Esq.  hereby certify that I have this day served a copy of the foregoing complaint and summons, and certificate of interested persons by mail and /or electronic service addressed as follows:

| Defendant Name | Defendant Address And/ Or Registered Agent |
|---|---|
| City of Atlanta | Mayor Kasim Reed 55 Trinity Ave SW Atlanta, GA 30303 |
| Chief  George Tuner | 200 Spring Street Northwest, Atlanta, GA 30303 |
| Officer Demetrius Jones | Zone 3 Precinct 880 Cherokee Ave SE, Atlanta, GA 30315 |
| Sgt Robert Daniels | 200 Spring Street Northwest, Atlanta, GA 30303 |
| Sgt Andrew Cerul | 200 Spring Street Northwest, Atlanta, GA 30303 |
| Sgt. Luis Medina | 200 Spring Street Northwest, Atlanta, GA 30303 |
|  |  |
| Chief Erica Shields | 200 Spring Street Northwest, Atlanta, GA 30303 |
| Officer J. Locke | Zone 3 Precinct 880 Cherokee Ave SE, Atlanta, GA 30315 |
|  |  |
|  |  |

Respectfully Submitted This 15th  , day of December 2016.

> ss//Kamau K.  Mason
> KAMAU K.  MASON, Bar # 823438
> *Lead Attorney for Plaintiff(s)*

The Law Offices of KAMAU K.  MASON & ASSOCIATES
434 Flat Shoals Avenue, SE Suite 7
Atlanta, GA  30316-1915
678.464.4618 phone
678.526.5310 fax
email:  kkmason@yahoo.com

> /ss/  C. Victor Long
> C. VICTOR LONG  Bar # 456950
> Co-Counsel for Plaintiff(s)

Clarence Victor Long
PO Box 310928
4995 Erin Road
Atlanta, GA 30331
404.344.7887
attjud@bellsouth.net